OPINION
ROTH, Circuit Judge:
Dion Muth appeals the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). The District Court had jurisdiction under 18 U.S.C. § 3231, and this Court has jurisdiction under 28 U.S.C. § 1291. Our review of the District Court’s interpretation of the Sentencing Guidelines is de novo, and our review of its decision to deny Muth’s sentence reduction is for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir.2009).
Because we write primarily for the parties, we only briefly recite the facts. Muth pleaded guilty to charges of possession with intent to distribute crack cocaine and powder cocaine, in violation of 21 U.S.C. § 841(a)(1). The United States Probation Office calculated a base offense level of 30 for this crime and an offense level of 32 under the Career Offender enhancement, U.S.S.G. § 4B1.1. The District Court applied the higher offense level of 32, pursuant to § 4B1.1(b), in sentencing Muth to 150 months.
Subsequently, the United States Sentencing Commission retroactively amended the guidelines concerning crack cocaine, *243 generally reducing the base offense levels by two. U.S.S.G.App. C, Amend. 706 (Nov. 1, 2007). Muth then moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on that amendment. The District Court found that Amendment 706 did not apply to Muth, since his sentence was based on the Career Offender enhancement and not his crack cocaine conviction, consistent with this Court’s Mateo decision.
This Court determined in Mateo that Amendment 706 does not apply to career offenders because their sentences are based on the Career Offender enhancements instead of the crack cocaine offense levels. 560 F.3d at 155. Muth acknowledges that Mateo is controlling, but he appeals this decision for the purpose of preserving this issue for future review. Because Mateo is clear and controlling, we will affirm the judgment of the District Court.